# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3196
_____

Thomas Holt,                              *
                                          *
        Appellant,                        *
                                          *   Appeal from the United States
    v.                                    *   District Court for the Eastern
                                          *   District of Missouri.
Michael Bowersox,                         *
                                          *           [UNPUBLISHED]
        Appellee.                         *
                                   _____

Submitted:  June 25, 2003

Filed:  July 1, 2003
                                   _____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.
                                   _____

PER CURIAM.

Thomas Holt appeals the district court's[1] order denying his 28 U.S.C. § 2254 petition.  Following our careful review, we agree with the district court that Mr. Holt failed to establish in this habeas proceeding that he was incompetent and his plea was involuntary in January 1987 when he pleaded guilty to murder.  See Drope v. Missouri, 420 U.S. 162, 172 (1975) (test for mental competency to stand trial); Shafer

_____

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, now retired, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

v. Bowersox, Nos. 01-3685, 02-1361, 2003 WL 21212091, \*\*7-14 (8th Cir. May 27, 2003) (habeas standard of review; analysis for determining guilty plea's validity); Reynolds v. Norris, 86 F.3d 796, 800-01 (8th Cir. 1996) (due process requirements; burden on petitioner).  We reach this conclusion notwithstanding the retrospective opinion of a forensic psychologist stated in a November 2000 report, the July 2001 acknowledgment by one of the two mental health professionals who found Mr. Holt competent in 1986 that he had made an incorrect diagnosis as to the nature of Mr. Holt's mental illness, and the treatment notes of prison mental health professionals.  See Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994) (retrospective determinations of defendant's competency to plead guilty strongly disfavored), cert. denied, 513 U.S. 1126 (1995).

Accordingly, we deny Mr. Holt's pro se motion to dismiss this appeal, and we affirm the judgment of the district court denying habeas relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-